IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT **1:06 CV 0872** |
| Mourer-Foster, Inc. (a/k/a Mourer Foster, Inc.) | ) ) ) **Richard Alan Enslen** **Senior, U.S. District Judge** |
| Defendant. | ) JURY TRIAL DEMAND ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Debra Barnard Jonckheere. The Commission alleges that Defendant Mourer-Foster, Inc. failed to make a reasonable accommodation to the disability of Debra Barnard Jonckheere, a qualified individual with a disability, cancer, and that Mourer-Foster, Inc. cancelled her health insurance and discharged Debra Barnard Jonckheere because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Mourer-Foster, Inc. (the "Employer"), has continuously been a Michigan Corporation doing business in the State of Michigan and the City of Lansing, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Debra Barnard

2

Jonckheere filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November 17, 2004, Defendant Employer has engaged in unlawful employment practices at its Lansing, Michigan facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112. The practices include:

   a. Defendant employer failed to make a reasonable accommodation to the disability of Debra Barnard Jonckheere.

   b. Defendant employer cancelled the health insurance of Debra Barnard Jonckheere.

   c. Defendant employer discharged Debra Barnard Jonckheere because of her disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Debra Barnard Jonckheere of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above are and were intentional.

11. The unlawful employment practices complained of in paragraph 8 above are and were done with malice or with reckless indifference to the federally protected rights of Debra Barnard Jonckheere.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from failing to accommodate the disabilities of qualified individuals with disabilities, from discharging qualified individuals with disabilities because of their disabilities, from cancelling the health insurance of qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Debra Barnard Jonckheere by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Debra Barnard Jonckheere.

D.  Order Defendant Employer to make whole Debra Barnard Jonckheere by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including job search expenses and health insurance/COBRA premiums, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Debra Barnard Jonckheere by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Debra Barnard Jonckheere punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Laurie A. Young
Regional Attorney

NEDRA D. CAMPBELL (P58768)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

December 12, 2006